# Exhibit A-2

8/31/2017 5:06 PM
Stan Stanart
County Clerk
Harris County

Harris County - County Civil Court at Law No. 3

## 1098317

NO. _____

| | | |
|---|---|---|
| **BECKY WONG D/B/A BLCW, LLC** | § | **IN THE COUNTY CIVIL COURT** |
| **FAIRWAY GREEN TOWNHOMES** | § | |
| Plaintiff | § | |
| | § | |
| **v.** | § | **AT LAW NUMBER _____** |
| | § | |
| **MESA UNDERWRITERS** | § | |
| **SPECIALTY INSURANCE** | § | |
| **COMPANY, PRODIGY ASSURANCE** | § | |
| **ADJUSTERS, AND DON ELKINTON** | § | |
| | § | |
| | § | |
| | § | |
| Defendants | § | **HARRIS COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION
### EXPEDITED ACTION UNDER TRCP 169

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Becky Wong d/b/a BLCW, LLC Fairway Green Townhomes (hereinafter referred to as "Plaintiff"), and files this, her Original Petition and Requests for Disclosure, against Mesa Underwriters Specialty Insurance Company, Prodigy Assurance Adjusters, and Don Elkinton (hereinafter referred to as "Defendants") and for cause of action would respectfully show the court as follows:

### I.
### Preliminary Information and Definitions

1.  Insured:  Becky Wong d/b/a BLCW, LLC Fairway Green Townhomes (herein "Plaintiff")

    Policy Number:  MP0042024000833 (herein "Policy")

    Claim Number:  115079-01 (herein "Claim" or "Claim Number")

    Date of Loss:  May 25, 2015 and January 8, 2016 (herein "Dates of Loss")

Insured Property:        8300 Bellaire Blvd., Houston, Texas 77036. (hereinafter referred to as "Property" or "Insured Property")

Insurer:        Mesa Underwriters Specialty Insurance Company (hereinafter "MUSIC" or "Defendant Insurance Company")

Defendant's home office or principle business office is:

40 Wantage Ave. Branchville, NJ 07890-0001

## II.
## Discovery Control Plan

2.  Plaintiff intends for discovery to be conducted under Level 1 of Rule 190 of the Texas Rules of Civil Procedure.

## III.
## Request for Expedited Trial Date

3.  Plaintiff requests that the set the case for a trial date that is within 90 days after the discovery period in Rule 190.2(b)(1) ends.

## IV.
## Parties

4.  Plaintiff is an individual who resides in Texas.

5.  Defendant, Mesa Underwriters Specialty Insurance Company (MUSIC), is an insurance company engaged in the business of insurance in this State. It may be served with process by serving its registered agent, Corporation Service Company, d/b/a CSC-Lawyers Incorporating Services, by certified mail, return receipt requested, at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218, or wherever it may be found. Plaintiff requests citation be issued at this time.

6.  Defendant, Prodigy Assurance Adjusters (hereafter "Prodigy"), is an adjusting company with its principal place of business in Florida engaged in the business of insurance in this State. It may be served with process by certified mail, return receipt requested, at its principal place of business at 7522

Wiles Road, Suite 211, Coral Springs, FL 33067 or wherever it may be found.

7. Defendant, Don Elkinton, (hereafter "Elkinton"), is an individual residing in and domiciled in the State of Texas. This Defendant may be served with process at his business address at <u>WILL SUPLEMENT</u> or wherever he may be found.

## V.
## Jurisdiction

8. Proper Jurisdiction in County Court at Law: This Court has proper jurisdiction because the amount in controversy does not exceed $200,000 excluding interest, statutory or punitive damages and penalties, and attorney fees and costs.

9. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks total monetary relief of over $100,000 but not more than $200,000.

10. The Court has jurisdiction over Defendants because Defendant Insurance Company, MUSIC, engages in the business of insurance in the State of Texas and the cause of action arises out of Defendant Insurance Company's business activities in the State of Texas.

## VI.
## Venue

11. Venue is proper in Harris County, Texas because the insured property is situated in Harris County, Texas and/or the contract was signed in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE. § 15.032.

## VII.
## Agency and Respondeat Superior

12. Whenever in this Petition it is alleged that Defendants did any act or thing, it is meant that Defendants or its agents, officers, servants, employees, or representatives did such a thing. It was also done with

the full authorization or ratification of Defendants or done in the normal routine, course and scope of the agency or employment of Defendants or its agents, officers, servants, employees, or representatives.

## VIII.
## Conditions Precedent

13. All conditions precedent to recovery have been performed, waived, or have occurred.

## IX.
## Facts

14. Plaintiff was the owner of the Policy issued by Defendant Insurance Company.  Plaintiff owns the insured property, Townhomes located at 8300 Bellaire Blvd. in Houston, Texas.

15. Defendant Insurance Company sold the Commercial Property Insurance Policy (Policy Number MP0042024000833), insuring the property that is the subject of this lawsuit to Plaintiff. The Plaintiff suffered a significant loss with respect to the property at issue.

16. On or about, May 25, 2015 and January 8, 2016, Plaintiff suffered significant losses with respect to the property at issue. After the storms, Plaintiff timely submitted its claim to Defendant Insurance Company with a Date of Loss for damage to the townhomes as well as the contents within.

17. Defendant Insurance Company assigned Claim Number 115079-01 to Plaintiff's claim. Defendant Insurance Company, through its adjusters, consultants, and agents was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of, and then quantifying the damage done to, Plaintiff's property.

18. In response to the claim, Defendant Insurance Company assigned adjusters, consultants, and agents to investigate Plaintiff's loss and handle Plaintiff's claim.  Specifically, Defendant Insurance Company

assigned Prodigy Assurance Adjusters, an adjusting company, to adjust the claim. Prodigy in turn, assigned Don Elkinton as the individual adjuster ("the adjuster") on the claim.

19. Prodigy and Elkinton were tasked with the responsibility of evaluating Plaintiff's claim in terms of its legitimacy and value. Defendant Elkinton inspected Plaintiff's property. Mr. Elkinton was inadequately and improperly trained and failed to perform a thorough investigation of the claim and spent an inadequate amount of time inspecting Plaintiff's Property.  Elkinton conducted a substandard inspection and was not diligent in investigating Plaintiff's loss. Elkinton failed to even prepare a repair estimate.

20. Prodigy informed Plaintiff that her claim was denied due to maintenance issues, even though there was ample evidence that the storms damaged the property. Further, both Prodigy and Elkinton misrepresented the extent of the loss by underestimating the cost of repair and failing to include damages owed to Plaintiff.

21. MUSIC and its personnel failed to thoroughly review and properly supervise the work of its assigned adjusters which ultimately led to it approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim.  As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiff was wrongfully denied on the claim and have suffered damages.

22. Together, Defendants set about to deny and/or underpay on properly covered damages. Defendants hired Rimkus Consulting Group, Inc. to perform an outcome-oriented inspection because they knew Rimkus was biased for insurers. Rimkus Consulting Group's engineer conducted an on-site inspection of Plaintiff's property on March 13, 2017. Rimkus' engineer conducted a substandard inspection and prepared an outcome-oriented report that merely rubber stamped the Prodigy and Elkinton's original opinion.

23. Defendants failed to provide coverage for the damages sustained by Plaintiff and under-scoped Plaintiff's damages, thereby denying payment on Plaintiff's claim.   As a result of Defendants' unreasonable investigation, Plaintiff's claim was improperly adjusted, and Plaintiff was wrongfully denied on the claim and has suffered damages.   The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages.   To this date, Plaintiff has yet to receive the full payment that it is entitled to under the Policy.

24. Defendants failed to properly adjust the claim and summarily denied Plaintiff's claim with obvious knowledge and evidence of serious damage.

25. Defendant Insurance Company failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the policy.   Defendant Insurance Company further failed and refused to pay the proceeds of the policy although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by Plaintiff.   Such conduct constitutes breach of the insurance contract between Defendant Insurance Company and Plaintiff.

26. Defendants further misrepresented to Plaintiff that the damage to the property was not in excess to the amount paid even though the damage was caused by a covered occurrence. Defendants' conduct constitutes violations of the Texas Insurance Code.

27. Defendant Insurance Company, failed to make an attempt to settle Plaintiff's claim in a fair manner although it was aware of its liability to Plaintiff under the policy.   Defendant Insurance Company's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(2).

28. Defendant Insurance Company also failed to explain to Plaintiff the reasons for its offer of an

inadequate settlement. Specifically, Defendant Insurance Company failed to offer Plaintiff

compensation without any explanation as to why payment was not being made.  Furthermore,

Defendant Insurance Company did not communicate that any future settlements or payments would be

forthcoming to pay for the entire losses covered under the policies and further, did not provide any

explanation for the failure to adequately settle Plaintiff's claim.  Defendant Insurance Company's

conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS.

CODE § 541.060(3).

29. Defendants failed to affirm or deny coverage of Plaintiff's claims within a reasonable time.

Specifically, Plaintiff did not receive timely indication of acceptance or rejection regarding the full

and entire claims in writing from Defendants.  Defendants' conduct constitutes violations of the *Texas

Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541 060(4).

30. Defendants refused to fully compensate Plaintiff, under the terms of the policy, even though

Defendants failed to conduct reasonable investigations.  Specifically, Defendants performed

outcome-oriented investigations of Plaintiff's claim, which resulted in a biased, unfair and inequitable

evaluation of Plaintiff's losses on the property.  Defendants' conduct constitutes violations of the

*Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(7).

31. Defendant Insurance Company failed to meet its obligations under the Texas Insurance Code

regarding acknowledging Plaintiff's claims, beginning investigations to Plaintiff's claims and

requesting all information reasonably necessary to investigate Plaintiff's claim within fifteen (15)

days of receiving notice of Plaintiff's claims. Defendant Insurance Company's conduct constitutes

violations of the *Texas Prompt Payment of* Claims *Act.* TEX. INS. CODE § 542.055.

32. Defendant Insurance Company failed to accept or deny Plaintiff's full and entire claim within fifteen

(15) business days of receiving all required information. Defendant's conduct constitutes a violation of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE § 542.056.

33. Defendant Insurance Company failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.  Specifically, Defendant has delayed full payment of Plaintiffs claims longer than allowed and, to date, Plaintiff has not yet received full payment for the claims. Defendant Insurance Company's conduct constitutes a violation of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE § 542.055.

34. From and after the time Plaintiff's claims were presented to Defendant Insurance Company, the liability of Defendant Insurance Company to pay the full claims in accordance with the terms of the policy was reasonably clear. However, Defendant Insurance Company has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct equates to breaches of the common law duty of good faith and fair dealing.

35. Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

36. As a result of the respective Defendants' acts and omissions, Plaintiff was forced to retain the attorney who is representing Plaintiff in this cause of action.

37. Plaintiff's experience is not an isolated case. The acts and omissions Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute general business practices of the respective Defendants with regard to handling these types of claims and investigations. Respective Defendants' entire processes are unfairly designed to reach favorable outcomes for the Defendant insurance company at the expense of the policyholders.

**X.**
**Causes of Action**

38. Plaintiff incorporates Paragraphs 1 to 41 by reference.

**COUNT 1: Against Adjusting Company and Adjuster ("Defendant Adjusters")**
**Noncompliance with Texas Insurance Code: Unfair Settlement Practices**

39. Defendants' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a).  All violations under this article are made actionable by TEX. INS. CODE § 541.151.

40. Defendant Elkinton is individually liable for his unfair and deceptive acts, irrespective of the fact that Elkinton was acting on behalf of MUSIC or Prodigy, because Elkinton is a "person" as defined by TEX. INS. CODE § 541.002(2).  The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor."  TEX. INS. CODE § 541.002(2)

41. Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages, and; (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received.  Defendants' unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitute an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060 (a)(1).

42. Defendants' unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(2)(A).

43. Defendants failed to explain to Plaintiff the reasons for the offer or offers of an inadequate settlement.  Specifically, Defendants failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made.  Defendants failed to explain to Plaintiff the reasons for the denial and refused to provide the photographs documenting any investigation.  Defendants claimed the photographs were protected work product even though they were taken in the ordinary course of business during the initial investigation well before any notice of litigation.  Defendant Insurance Company's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(3).

44. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor was there any explanation for the failure as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(3).

45. Defendants' unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claims to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(4).

46. Defendant Elkinton did not properly inspect the Property and failed to account for Plaintiff's damages, although reported by Plaintiff to MUSIC.  Defendant's unfair settlement practices, as described above, of refusing to pay Plaintiff's claims without conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

## COUNT 2: Against Defendant Insurance Company
### Breach and Anticipatory Breach of Contract

47. Defendant Insurance Company 's conduct, as described in this petition, constitutes a breach of the insurance contract made between Defendant and Plaintiff.  Plaintiff anticipates that Defendant will continue in such breaches of contract.

48. Defendant Insurance Company's failure and refusal, as described above, to pay the adequate compensation as is obligated to do under the terms of the policy in question and under the laws of the State of Texas, constitutes material breaches of the insurance contract with Plaintiff.  Furthermore, Plaintiff has suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees for such violations of the Texas Insurance Code.

49. Defendant Insurance Company's conduct constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act.* TEX. INS. CODE, Chapter 541.  All violations under this article are made actionable by TEX. INS. CODE § 541.151.

50. Defendant Insurance Company's unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

51. Defendant Insurance Company's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

52. Defendant Insurance Company's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

53. Defendant Insurance Company's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims Plaintiff or to submit a reservation of rights to Plaintiff constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

54. Defendant Insurance Company's unfair settlement practice, as described above, of refusing to pay Plaintiff's claims without conducting a reasonable investigation, constitutes an unfair method of competition an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060, and § 541.061. Noncompliance with Texas Insurance Code Chapter 542: "The Prompt Payment of Claims Act"

55. Defendant Insurance Company's conduct constitutes multiple violations of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE, Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE § 542.060.

56. Defendant Insurance Company's failure, as described above, to acknowledge receipt of Plaintiff's claims, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that they reasonable believed would be required within the applicable time constraints, constitutes a non-payment of the claims. TEX. INS. CODE § 542.055-542.060.

57. Defendant Insurance Company's delay of payment of Plaintiff's claims, as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for constitutes a non-prompt payment of the claims. TEX. INS. CODE § 542.055-542.060.

## COUNT 3: Defendant Insurance Company
## Breach of the Duty of Good Faith and Fair Dealing

58. Defendant Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured's in insurance contracts.  See: *State Farm Lloyds v. Nicolau*, 951 S.W.2d 444(Tex. 1997). Defendant insurance company acted in bad faith when it denied a claim by plaintiff insureds. In an action for property damage due to plumbing leaks, the insurer was found to have hired an investigating firm biased against finding liability which failed to follow up on substantial information indicating the leaks were the cause of damage and the court held that denial of coverage could have been pre-textual.

59. Defendant Insurance Company's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claims, although at that time Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## COUNT 4: All Defendants
## Deceptive Trade Practices & Unconscionable Conduct – Knowledge and Intent

60. Each of the respective Defendants acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described therein by Texas Deceptive Trade Practices Act.

61. Each of the acts described above by Defendants, together and singularly, constitutes a violation of the Texas Deceptive Trade Practices Act pursuant to their tie-in provision for Insurance Code Violations. Accordingly, Plaintiff also brought each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

62. At all times material hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant Insurance Company. Defendants have violated the Texas Deceptive Trade Practices Act in one or more of the following manners:

   a. Unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, during which Defendant Insurance Company employed a series of alleged "independent adjusters" under the control of Defendant Insurance Company.

   b. Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

   c. Representing the goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which they do not;

   d. Advertising goods or services with intent not to sell them as advertised;

   e. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

f.      the transaction and such failure to disclose such information was intended to induce the

consumer into a transaction into which the consumer would not have entered had the

information been disclosed; and/or

g.      Engaging in an unconscionable course of conduct.

**COUNT 5: Defendant Insurance Company**
**Violations of Texas Prompt Payment of Claims Act:**
**Texas Insurance Code, Chapter 542:**
**Strict Liability with No Good Faith Exception**

63. Defendant Insurance Company's conduct, as described above, constitutes multiple violations of *Texas Prompt Payment of Claims Act.*

64. As described above, Plaintiff has a valid claim under an insurance policy, the insurer is liable for the claim and the insurer has failed to comply with the requirement of *Texas Prompt Payment of Claims Act.*  TEX. INS. CODE § 542.051-542.061.

65. As described above, Defendant Insurance Company failed to perform one or more of the following duties not later than the 15th day (30th day if Defendant is a surplus lines insurer) after receipt of notice of at the claim:[1]

a.      Acknowledge the claim.  Defendant Insurance Company failed to acknowledge receipt of the Plaintiff's claim, including separate claims arising from the same incident.  TEX. INS. CODE § 542.055(a)(1).  See *Dunn v. Southern Farm Bur. Cas. Ins. Co.,* 991 S.W.2d 467, 472 (Tex. App.-Tyler 1999, pet. denied);

b.      Record the acknowledgement.  Defendant Insurance Company failed to make a record of the date, means, and content of the acknowledgement.  TEX. INS. CODE § 542.055(c);

c.   Commence the investigation.  Defendant Insurance Company failed to make commence a reasonable investigation of the claim.  TEX. INS. CODE § 542.055(a)(2); and/or

d.   Request information from the claimant.  Defendant Insurance Company failed to request from the Plaintiff all items, statements and forms reasonably needed from Plaintiff.  TEX. INS. CODE § 542.055(a)(3).

66. As described above, Defendant Insurance Company failed to perform one or more of the following duties after Defendant Insurance Company received all items, statements, and forms reasonable required by the Plaintiff:

a.   Accept of reject the claim.  Defendant Insurance Company failed to notify Plaintiff by the 15th "business day" that Defendant Insurance Company either accepts or rejects the claim.[23]  TEX. INS. CODE § 542.056(d);

b.   State reasons for any rejection.  Defendant Insurance Company failed to notify Plaintiff of any reasons for denying such claim.  TEX. INS. CODE § 542.056(c);

c.   Ask for more time and tell why it is needed.  Defendant Insurance Company failed to notify Plaintiff it needed more time and the reasons for seeking more time.  TEX. INS. CODE § 542.056(d);

d.   Pay the claim after accepting.  Defendant Insurance Company failed to pay the claim within five "business days" or twenty days if Defendant is a surplus lines insurer.  TEX. INS. CODE § 542.057(a),(c);

---

[1] TEX. INS. CODE § 542.055(a)
[2] Defendant has not indicated it suspects arson thus allowing 30 days. TEX. INS. CODE § 542.056(b)

e.   Pay the claim after the claimant performs any condition.  If Defendant Insurance Company sought a condition on Plaintiff, it did not pay such claim within five "business days" or twenty days if Defendant Insurance Company is a surplus lines insurer after such condition was satisfied. TEX. INS. CODE § 542.057(b); and/or

f.   Pay the claim within 60 days after receipt of information.  Defendant Insurance Company failed to pay the claim within 60 days after receiving the items requested from Plaintiff.  TEX. INS. CODE § 542.058(a).

**COUNT 6: Defendant Insurance Company**
**Unfair Insurance Practices:**
**Texas Insurance Code, Chapter 541**

67. Defendant Insurance Company's conduct, as described above, constitutes multiple violations of Unfair Insurance Practices.

68. Defendant Insurance Company engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff[4]:

a.   misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

b.   failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim:

    i.   with respect to which the Defendant Insurance Company's liability has become reasonably clear; or

    ii.   a claim under one portion of the policy of the claim with respect to which the

---

[3] Defendant has not sought a 45 day extension.  TEX. INS. CODE § 542.056(d)

Defendant Insurance Company's liability has become reasonably clear in order to influence Plaintiff to settle an additional claim under another portion of the coverage, unless payment under one portion of the coverage constitutes evidence of liability under another portion of the policy;

c.      failing to provide promptly to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Defendant Insurance Company's denial of the claim or for the offer of a compromise settlement of the claim;

d.      failing within a reasonable time to:

     i.      affirm or deny coverage of a claim to Plaintiff;

     ii.      submit a reservation of rights to a Plaintiff;

e.      refusing, failing, or unreasonably delaying an offer of settlement under first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy;

f.      undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim; and/or

g.      requiring Plaintiff, as a condition of settling a claim, to produce Plaintiff's federal income tax returns for examination or investigation.

69. Defendant Insurance Company may have engaged in one or more of the following settlement practices

---

[4] TEX. INS. CODE § 541.060

with respect to a claim made by Plaintiff[5]:

    a.      misrepresentations and false advertising of policy contracts;

    b.      false information and advertising generally;

    c.      defamation of insurers or persons engaged in the business of insurance;

    d.      boycott, coercion, and intimidation in the business of insurance;

    e.      false financial statements;

    f.      stock operations and advisory board contracts;

    g.      unfair discrimination;

    h.      rebates;

    i.      deceptive names, words, symbols, devises, and slogans, and/or;

    j.      misrepresentation of the insurance policies;

70. Defendant Insurance Company engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff[6]:

    a.      making an untrue statement of material fact;

    b.      failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

    c.      making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact;

    d.      making a material misstatement of law, and/or;

    e.      failing to disclose a matter required by law to be disclosed, including failing to make disclosure in accordance with an other provision of the insurance code.

---

[5] TEX. INS. CODE § 541.151
[6] TEX. INS. CODE § 541.061

## COUNT 7: All Defendants
## Fraud

71. Defendants knowingly, and with reckless disregard for the Plaintiff in the course of handling of this subject claim, made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the actual damages resulting from the peril. Plaintiff, having relied upon such fraudulent conduct, has been injured.

72. Defendants knowingly and with the reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the rights, duties, and insurance benefits in the subject contract for insurance, and Plaintiff having relied upon such fraudulent conduct, have been injured.

73. The conduct described was done intentionally and for the purpose of having Plaintiff rely on such fraudulent conduct thereby causing Plaintiff to suffer injury.

## COUNT 8: All Defendants
## Ongoing Conspiracy to Commit Illegal Acts

74. Defendants were members of a combination of two or more persons whose object was to accomplish the stated illegal acts upon Plaintiff. Defendants, by and through their agents, reached a meeting of the minds and acted in such a manner as to further the conspiracy by knowingly and with reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the actual damages resulting from the peril of said claim, and Plaintiff having relied upon such conduct has been injured.

75. Defendants, by and through its agents, reached a meeting of the minds and acted in such a manner as to

further the conspiracy to commit stated illegal acts by knowingly and with reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the rights, duties, and insurance benefits in the subject contract for insurance, and Plaintiff having relied upon such conduct has been injured.

76. The conduct described by Defendants was done intentionally and for the purpose of having Plaintiff rely on such fraudulent conduct thereby causing Plaintiff to suffer injury.

## XI.
## Damages and Prayer

77. WHEREFORE, PREMISES CONSIDERED, Plaintiff herein, complains of Defendants and prays that Defendants be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from Defendants the following:

a.   Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and or producing causes of damages sustained by Plaintiff.

b.   For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of the policy benefits withheld, together with consequential damages and attorney's fees.

c.   For noncompliance with the *Texas Unfair Competition and Unfair Practices Act,* Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and mandatory attorney's fees.  See *Rosenblatt v. Freedom Life Ins. Co. of Am.*, 240 S.W.3d 315, 2007 Tex. App. LEXIS 6177 (Tex. App.—Houston [1st Dist.]

2007, no pet.)  For knowing and intentional conduct of the acts complained of, Plaintiff asks for three times economic damages and three times mental anguish damages.  See TEX. INS. CODE § 541.152 and TEX. BUS. & COM. CODE § 17.50.

d.  For noncompliance with *Texas Prompt Payment of Claims Act*, which is strict liability without any good faith exceptions, Plaintiff is entitled to the amount of her claims, as well as eighteen (18) percent interest on the total amount of the claim per annum post judgment interest, as allowed by law, and for any other further relief, either at law or in equity, to which she may show here to be justly entitled.  See *Am. Nat'l. Prop. & Cas. Co. Inc. v. Patty*, No. 05-00-01171-CV, 2001 Tex. App. LEXIS 5493 (Tex. App.—Dallas Aug. 15, 2001, pet. denied) (unpublished). The formula for calculating the interest penalty under this article is "$I = P R T$," where "I" is interest, "P" equals the principal, "R" equals the rate of interest, and "T" equals time over which interest is to be calculated.  Thus, where the insurer tendered less than the face value of the policy, the penalty should have been calculated until judgment was entered against the insurer.  Tender of partial payment of a claim does not reduce the penalty: the penalty is calculated based on the amount of the "claim," not the difference between the claim and any partial payment that is made. See *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 106 S.W.3d 174, 183-84 (Tex.App.—Amarillo 2003, pet. denied).  Also See *Higginbotham v. State Farm Mut. Auto. Ins. Co.,* 103 F.3d 456, 461 (5[th] Cir. 1997).  Violations of Tex. Ins. Code § 542 are strict liability without any exception.

e.  For breach of the common law duty of good faith and fair dwelling, actual damages, direct and indirect consequential damages, exemplary damages and mental anguish as to be determined by the jury.  See *Lee v. Safemate Life Ins. Co.*, 737 S.W.2d 84, 1987 Tex. App. LEXIS 8111 (Tex. App.—El Paso 1987, writ dism'd).  Exemplary damages are recoverable for a breach of

UNOFFICIAL COPY

duty of good faith and fair dealing under the same principles allowing recovery of those damages in other tort actions; mental anguish damages are recoverable for a breach of duty of good faith and fair dealing under the same principles allowing recovery of those damages in other tort actions.

f.   For fraud, Plaintiff seeks damages for breach of contract. *Albin v. Isotron Corp.,* 421 S.W.2d 739, 744 (Tex. Civ. App.-Texarkana 1967, writ ref'd n.r.e). Upon a finding of actual fraud, Plaintiff seeks exemplary damages as to be determined by the jury. TEX. CIV. PRAC. & REM. § 41.003(a)(1).

g.   For ongoing civil conspiracy, Plaintiff seeks joint and several damages to which the conspirators caused Plaintiff along with exemplary damages as determined by the jury.

h.   Plaintiff seeks attorney fees at a contingent rate of forty-five percent as allowed by law. If attorney fees must be quantified at an hourly rate, Plaintiff seeks attorney fees at $450 an hour. See *Mid-Century Ins. Co. v. Barclay*, 880 S.W.2d 807, 1994 Tex. App. LEXIS 1480 (Tex. App.—Austin 1994, writ denied). Attorney's fees are awarded to a party as part of the damages owed by an insurance company that violates this chapter, and it is appropriate to require the insurer to pay a contingency fee, which may be greater than an hourly fee. The specter of large attorney's fee awards may serve as additional incentive to the insurance company to respond promptly and diligently to its insured's claims.

i.   Furthermore, the denial and/or wrongful delay to provide Plaintiff with insurance benefits by Defendants were apparently part of a common plan, routine, scheme, and design calculated to deny insurance benefits to policy holders. In order to punish Defendants and to set an example and thereby prevent other policyholders from being treated in this manner, exemplary damages

should be awarded.  Accordingly, Plaintiff seeks exemplary damages in an amount the jury deems appropriate.

## XII.
## Reservation of Appraisal Rights

78. By filing this lawsuit herein, Plaintiff does not waive, and expressly reserves, its right under the policy to demand an appraisal for determination of the actual cash value amount of loss and replacement cost value amount of loss with respect to the property damage claims Plaintiff asserts in this lawsuit.

## XIII.
## Affirmative Defenses

79. *Waiver.*  Defendant Insurance Company has waived certain policy conditions, duties imposed on the Plaintiff, and terms of coverage of the insurance policy at issue.

80. *Contra Proferuntum.*  Defendant, Insurance Company's contract is unilateral and in the event of ambiguity must be held against the drafter.

## XIV.
## Jury Demand

81. Plaintiff respectfully demands a trial by jury and remits such fee.

## XV.
## Plaintiff's Requests for Disclosure to Defendants

82. Pursuant to Rule 194, each Defendant is requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2.

83. In addition to the content subject to disclosure under Rule 194.2, Plaintiff requests disclosure of all documents, electronic information, and tangible items that each Defendant has in its possession, custody, or control and may use to support its claims or defenses.

Respectfully Submitted,

**DICK LAW FIRM, PLLC**



Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
(832) 207-2007 Office
(713) 893-6931 Facsimile
eric@dicklawfirm.com
www.dicklawfirm.com
**ATTORNEY FOR PLAINTIFF**